FILED
BILLINGS, MT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA 2005 DEC 13 AM 8 33

BILLINGS DIVISION

PATRICK E. DUFFY, CLERK

BY _____
                                              DEPUTY CLERK

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | Cause No. CV 05-90-BLG-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SUPPLEMENTAL |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ALTERNATIVES, INC., sued in | ) | |
| its official capacity; BILL | ) | |
| SLAUGHTER; MIKE FERRITER; and | ) | |
| RANDY GOWEN, sued in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 14, 2005, Plaintiff Jarvis Carter applied to proceed *in forma pauperis* with this action under 42 U.S.C. § 1983. That Application was granted in a separate Order. Carter is a state prisoner proceeding *pro se*.

On October 27, 2005, the Court issued Findings and Recommendation, concluding that some of Carter's claims, as well as Defendants Alternatives, Inc., Bill Slaughter, and Mike Ferriter, should be dismissed because Carter's Complaint failed to state a claim. It also ordered that Carter's Complaint should be served on Defendant Gowen.

On November 9, 2005, Carter moved to amend his complaint and moved for a preliminary injunction, seeking a transfer from

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Crossroads Correctional Center in Shelby, Montana, to the Yellowstone County Detention Facility. The Court has granted the motion to amend. This Supplemental Findings and Recommendation addresses additional claims made in the Second Amended Complaint as well as the motion for preliminary injunction.

## I. Allegations of the Amended Complaint

Carter contends that he was deprived of due process in a disciplinary hearing and that, as a sanction for the disciplinary violation, his placement at a pre-release center was revoked and he was sent back to prison. He contends that "the liberty in pre-release is much greater or higher than that of one who is incarcerated in prison." Second Am. Compl. at 8.[1]

---

[1] The Court has considered whether Carter's Complaint is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). It might be. Carter filed a habeas petition in the Montana Supreme Court based on the same events he challenges here. The Montana Supreme Court viewed Carter's "revocation" as simply a transfer decision, asserting that the conditions of his confinement at Alternatives, Inc., were essentially the same as his conditions of confinement in prison. *See* Order at paras. 5-6, *Carter v. State*, No. 05-355 (Mont. Aug. 17, 2005). If that is correct, then Carter would be permitted to maintain this § 1983 action, because he would essentially be challenging the conditions of his confinement, not his custody. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) (permitting prisoner to proceed under § 1983 where he challenged two-year placement in segregation but did not challenge overall term of incarceration), *cert. denied sub nom. McEnroe v. Ramirez*, 541 U.S. 1063 (2004). On the other hand, if Carter is correct that he had much more liberty at Alternatives, Inc., than he does in prison, then this case would have to be dismissed in favor of his federal habeas petition, *see Carter v. Dep't of Corrections*, No. CV 05-134-BLG-RWA (D. Mont. Sept. 2, 2005), though it might be refiled if Carter obtains habeas relief.

The Second Amended Complaint describes the actions of several persons at Alternatives, Inc., in connection with the disciplinary hearing. Chad Albrecht investigated and reported the incident underlying the disciplinary hearing. Steve Ormsby swore out and executed an arrest warrant on the basis of the incident report. Melanie Emmet interviewed Carter while he was awaiting a hearing and, at the hearing, told Gowen, the hearings officer, that Carter's proposed witnesses were not relevant to the violation. Betty Ann Roan and David Armstrong retaliated against Carter for his failure to obtain Social Security Disability Income by removing him from mental health programs and recommending that his conditional release be revoked if he was found guilty of the disciplinary violation and by failing to recognize or rectify certain due process violations in the hearing process. *See* Second Am. Compl. at 4-6.

The Second Amended Complaint also makes allegations against three persons in the Montana Department of Correction. Randy Gowen did not call Carter's witnesses and found him guilty with no evidence to support the violation. Mike Ferriter and Bill Slaughter failed to recognize the validity of his arguments and "went outside the record" when he appealed. *See id.* at 6-7.

For his relief, Carter seeks transfer back to Yellowstone County, a return to conditional release status, and compensatory and punitive damages. *See id.* at 9-10.

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

## III. Analysis

Again, the Court will consider the Second Amended Complaint in light of *Morrissey v. Brewer*, 408 U.S. 471 (1972) (defining process due in parole revocation hearings), *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (probation revocation),[2] and *Wolff v. McDonnell*, 418 U.S. 539 (1974) (defining process due in prison disciplinary hearings).

Carter's Second Amended Complaint, like his first, states a claim sufficient to warrant service on Defendant Gowen. However, the Second Amended Complaint does not and cannot be amended to state a claim as to Defendants Ferriter, Slaughter, or Alternatives, Inc., regardless of whether *Wolff* or *Morrissey* and *Gagnon* apply.

### A. Defendants Ferriter and Slaughter

The Second Amended Complaint does not alter the Court's original Findings and Recommendation as to Defendants Ferriter and Slaughter.

The Second Amended Complaint adds an allegation of false imprisonment against Ferriter and Slaughter. Carter contends that their failure to rectify the due process violations of which he complained in the appeals process allowed him to be falsely imprisoned. The two elements of the tort of false imprisonment are

---

[2]   *Morrissey* is cited and discussed in some of the documents attached to the Amended Complaint.

the restraint of an individual against his will and the unlawfulness of such restraint. *See Hughes v. Pullman*, 36 P.3d 339, 343 ¶ 21 (Mont. 2001). "The gravamen of a false imprisonment claim is the deprivation of liberty of movement or freedom to remain in the place of one's lawful choice." *Id.*

There is good reason to question whether the tort would extend to a person in Carter's situation - a person who has been duly convicted and sentenced and who is detained at a correctional facility. After all, his presence at Alternatives, Inc., was not the product of his lawful choice to begin with. Moreover, it is lawful for corrections officials to detain a prisoner under more stringent conditions of confinement while investigating a disciplinary violation, *see, e.g.*, *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), and the ultimate finding of a disciplinary hearing officer must only be supported by "some evidence," a standard that is met if there is "any evidence in the record that could support the conclusion reached" by the hearings officer. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). And Ferriter and Slaughter are not the persons who actually restrained Carter; they simply did not order his return to conditional release status.

However, a federal court should not decide this question of state law in the first instance. The false imprisonment allegation presents a novel question of state law, and the Court should

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

decline to exercise its supplemental jurisdiction to decide it.  If Carter wants to pursue the matter, he should file in state court. *See* 28 U.S.C. § 1367(c)(1).

For the reasons set forth in the original Findings and Recommendation, and for the reasons set forth above, the Second Amended Complaint provides no legal basis on which Ferriter and Slaughter might be liable to Carter.  They should be dismissed.

## B. Defendant Alternatives, Inc.

The Second Amended Complaint also does not alter the Court's original Findings and Recommendation as to Defendant Alternatives, Inc.  Because Carter significantly expanded on his Complaint, it is necessary to explain why the recommendation does not change.

First, Albrecht, Ormsby, and Emmet do not appear to be persons of sufficient standing within Alternatives, Inc., that their actions could be considered to be those of the corporation itself. Second, even if they were, they did nothing to violate Carter's constitutional rights.

Carter accuses Albrecht of issuing an incident report based solely on one person's statement of what happened without investigating the reliability of that person and accuses Ormsby of issuing and executing an arrest warrant based on the report.  But Carter had no constitutional right regarding the incident report, and the standard of the Fourth Amendment – probable cause to support an arrest – is, at best, significantly reduced in a

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

correctional setting. *See, e.g.*, *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997).[3]  In fact, the hearings officer's ultimate decision only had to be supported by "some evidence," as explained above, so it would be absurd to hold that there must be probable cause to support an arrest prior to a disciplinary hearing.  The "some evidence" standard was necessarily met here, because the incident report was based on a witness's statement.  There is no other constitutional standard that must be met before someone can be charged with something, even outside the context of official detention.  *See, e.g., Albright v. Oliver*, 510 U.S. 266, 271-72 (1994) (holding that there is no "substantive due process right to be free of prosecution without probable cause.").  Albrecht and Ormsby did nothing to violate Carter's civil rights.

Carter also accuses Emmet of persuading Gowen to prevent him from calling witnesses.  Gowen, not Emmet, had the duty to protect Carter's due process rights at the hearing.  Emmet is not liable to Carter for any of the actions described in the Amended Complaint.

As to Betty Ann Roan and David Armstrong, their positions at

---

[3]      The Supreme Court has not, to date, decided whether prisoners have rights under the Fourth Amendment.  The Court has observed that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984).  While Carter may have had more privacy at Alternatives, Inc., than he would in prison, he was clearly not entitled to all the protections of a free person.

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

Alternatives, Inc., are not described with great clarity,[4] but even if they acted as the corporation, they did not violate Carter's civil rights.   Carter says that Roan and Armstrong were upset that Carter's application for social security disability had been rejected and that, in retaliation, they removed him from mental health programs and told him that "if he received another Class II (MAJOR) violation he would be revocated from the program."  Second Am. Compl. at 5.   Retaliation is actionable only if it is undertaken because the inmate engaged in constitutionally protected conduct.  *See Rhodes v. Robinson*, 380 F.3d 1123, 1130 (9th Cir. 2004).   Carter's failure to obtain SSDI benefits is not constitutionally protected conduct, nor is his participation in mental health programs in a pre-release center,[5] nor is his receipt of a violation report.  Roan's and Armstrong's roles in the appeals procedure do not constitute a due process violation for the same reasons that have been set forth with respect to Ferriter and Slaughter.  *See* Findings and Recommendation (doc. 12) at 7-8.

The Second Amended Complaint provides no other basis to make

---

[4] Carter describes Armstrong as the "Administrator" and Roan as the "Deputy Administrator" of Alternatives, Inc.  *See* Second Am. Compl. at 2, ¶ III.B.1.  They may occupy those positions at Alpha House, but a corporation does not usually have officers with those titles.

[5] Inmates are not constitutionally entitled to rehabilitation or treatment.  *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989).

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

Alternatives, Inc., liable.  Carter does not state a claim on which relief may be granted against the corporation.  Alternatives, Inc., should be dismissed.

## IV. Motion for Preliminary Injunction

Carter seeks a preliminary injunction in the form an Order compelling his transfer from Crossroads Correctional Center in Shelby, Montana, to the Yellowstone County Detention Facility.  He claims that his constitutional right of access to the courts will likely be violated if he is not transferred because his access to the grievance procedure and copies at Crossroads has been limited, he does not have access to a notary public, he anticipates difficulties in obtaining affidavits from witnesses who are "half a state away," and he is not incarcerated in the Court's county of jurisdiction.

All counties in Montana are in this Court's jurisdiction.  As a result, Carter can subpoena witnesses throughout the District of Montana.  As for obtaining affidavits, he probably would have had to do that by mail even if he were in Yellowstone County.  His lack of access to a notary public will not be fatal to the litigation, and if his constitutional rights are violated by officials at Crossroads, there are ways to deal with that.  Nothing he describes in his motion and nothing in the attached exhibits establishes or even threatens a constitutional violation.  Carter's right of access to the courts might be violated if he is prevented from

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

responding altogether to orders or motions, but the sheer volume of materials he has submitted to this Court alone amply demonstrates that he has access to the courts. In short, the reasons for Carter's proposal do not hold up to scrutiny.

Additionally, Carter is asking the Court to compel persons who are not parties to the case and who played no role in the factual allegations underlying it to take action to facilitate his prosecution of the action. That request is misguided. A prisoner's litigation does not invoke the plenary authority of the Court on his behalf. He remains a prisoner, subject to prison rules and regulations, and does not obtain special treatment as a result of filing litigation. Carter's motion for a preliminary injunction should be denied.

**RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned United States Magistrate Judge **INCORPORATES** the Findings and Recommendation of October 27, 2005 (doc. 12), and **RECOMMENDS** that Defendants Alternatives, Inc., Ferriter, and Slaughter be DISMISSED, and supplemental jurisdiction over Carter's allegations of false imprisonment be DECLINED, pursuant to 28 U.S.C. § 1367(c)(1), because a false imprisonment theory in this context is a novel application of the law in Montana. The Court also **RECOMMENDS** that Carter's motion for a preliminary injunction (doc. 16) be DENIED.

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge on Carter. Carter is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived. **Objections are limited to ten (10) pages**.

Plaintiff must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 15th day of December, 2005.

Richard W. Anderson
United States Magistrate Judge